IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

Jay Lafary,

                Plaintiff,

— against—

The Bank of Missouri and Equifax Information Services, LLC,

                Defendant(s).

Civil Action No. D2402-22-176



FILED
APR - 7 2022
CONNIE LADNER
CIRCUIT CLERK
By_____ D.C.

**COMPLAINT**

Plaintiff, Jay Lafary (hereinafter "Plaintiff"), by and through his attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC, by way of Complaint against Defendants, The Bank of Missouri ("TBOM") and Equifax Information Services, LLC ("Equifax") alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

**PARTIES**

2. Plaintiff, Jay Lafary, is an adult citizen of Mississippi.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

EXHIBIT A

1

4. Defendant TBOM was and is at all relevant times herein, a national banking association organized and existing under and by virtue of the National Banking Laws of the United States and does business throughout the country and in the State of Mississippi. TBOM is a "furnisher" of consumer credit information as that term is used in Section 1681s-2 of the FCRA.

5. Defendant Equifax is a limited liability company organized and existing under the laws of Mississippi that engages in the business of maintaining and reporting consumer credit information.

## JURISDICTION AND VENUE

6. This Honorable Court has jurisdiction and venue over the parties and this cause of action. This civil action arises out of the acts or omissions of the Defendants committed in whole or in part in Harrison County in the State of Mississippi against individuals doing business in Harrison County, Mississippi.

7. This Court has personal jurisdiction over all the Defendants in the instant suit who reside or may be found in the State of Mississippi, or who are doing business in the State of Mississippi. Additionally, the allegations which caused or contributed to the subject incident occurred within the confines of Harrison County, Mississippi.

8. Venue is properly established before this Court based upon Mississippi Code Annotated § 11-11-3 (1)(a)(i) (Amended 2006). Pursuant to the statute, venue is proper because the present action has been instituted where at least one of the individual defendants resides or where the acts and omissions complained of occurred.

## FACTUAL ALLEGATIONS

9. Defendant TBOM issued a credit account ending in 5552 to Plaintiff. The account was routinely reported on Plaintiff's consumer credit reports.

10. The consumer reports at issue are a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

11. On or about November 20, 2019, Plaintiff and TBOM entered into a settlement agreement for the above referenced account. A redacted copy of the settlement agreement is attached hereto as Exhibit A.

12. Pursuant to the terms of the settlement, Plaintiff was required to make monthly payments totaling $445.00 to settle and close his TBOM credit account.

13. Plaintiff, via his debt settlement representative timely made the requisite settlement payments. Redacted proofs of these payments are attached hereto as Exhibit B.

14. However, over two years later, Plaintiff's TBOM account continued to be negatively reported.

15. In particular, on a requested credit report dated February 14, 2022, Plaintiff's TBOM account was reported with a status of "CHARGE OFF," a balance of $444.00 and a past due balance of $444.00. The relevant portion of Plaintiff's credit report is attached hereto as Exhibit C.

16. This tradeline was inaccurately reported. As evidenced by the settlement agreement and proofs of payments, the account was settled for less than full balance and must be reported as settled with a balance of $0.00.

17. On or about February 14, 2022, Plaintiff, via his attorney at the time, notified Equifax directly of a dispute with completeness and/or accuracy of the reporting of Plaintiff's TBOM account. A redacted copy of this letter and the certified mail receipts are attached hereto as Exhibit D.

18. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by TBOM to Equifax via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

19. In March of 2022 Plaintiff requested updated credit reports for review. The tradeline for Plaintiff's TBOM account remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portion of the March 2022 credit report is attached hereto as Exhibit E.

20. Equifax did not notify TBOM of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify TBOM and TBOM failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit reports.

21. If TBOM had performed a reasonable investigation of Plaintiff's dispute, Plaintiff's TBOM account would have been updated to reflect a "settled" status with a balance of $0.00.

22. Despite the fact that TBOM has promised through its subscriber agreements or contracts to accurately update accounts, TBOM has nonetheless willfully,

maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

23. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit reports, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Equifax.

24. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

25. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CLAIM FOR RELIEF

26. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

27. Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

28. TBOM is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions

or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

29. TBOM is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

30. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

31. TBOM failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureau within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

32. TBOM failed to promptly modify the inaccurate information on Plaintiff's credit reports in violation of 15 U.S.C. § 1681s-2(b).

33. Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

34. Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

35. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.

36. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

**Law Office of Robert S. Gitmeid & Associates, PLLC**

*[signature]*

Thomas Bellinder, Esq. (MSB # 103115)
11 Broadway, Suite 960
New York, NY 10004
Tel: (212) 226-5081
Email: Thomas.B@gitmeidlaw.com
*Counsel for Plaintiff*